USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 2/1/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------X

ZURICH AMERICAN INSURANCE CO.,

       Plaintiff,

 -against-

M/V "APL PEARL", HER ENGINES, BOILERS,
ETC., AND EXPOLANKA FREIGHT LTD.

       Defendants.

----------------------------------------X

12 Civ. 4083

OPINION

A P P E A R A N C E S:

  Attorneys for Plaintiff

  MARSHALL, DENNEHY, WARNER, COLEMAN & GOGGIN
  Wall Street Plaza
  88 Pine Street, 21st Fl.
  New York, NY 10005
  By: James J. Ruddy, Of Counsel
    John K. McElligot, Esq.


  Attorneys for Defendant

  REISMAN, RUBEO & MCCLURE, LLP
  151 Broadway
  Hawthorne, NY 10532
  By: Richard Altman, P.C., Of Counsel

**Sweet, D.J.**

Defendant Expolanka Freight Ltd. ("Expolanka" or "Defendant"), has moved, pursuant to Fed. R. Civ. P. 12(b)(2) & (5), to dismiss the complaint of plaintiff Zurich American Insurance Co. ("Zurich" or "Plaintiff") due to improper service of process and lack of personal jurisdiction.  Based upon the conclusions set forth below, the Defendant's motion is denied.

According to Zurich's complaint filed May 23, 2012 ("Complaint"), a shipment consisting of 456 cartons of garments (the "Garments") originated in Chittagong, Bangladesh on November 1, 2011, bound for the port of New York.  See Compl. Sched. A.  The defendant, Expolanka, is a common carrier of merchandise by water for hire and owner of a ship called the APL Pearl, upon which the Garments were carried from Bangladesh to New York.  Compl. ¶¶ 3-5.  Pursuant to the terms of the bill of lading drafted in connection with the shipment of the Garments, Expolanka accepted responsibility for the Garments from the point at which they were loaded onto the carrying vessel through the point at which the Garments were discharged from the vessel.  See Ex. 1 to Attorney's Affirmation in Support of Motion to Dismiss ("Bill of Lading").

1

The Complaint alleges that when the APL Pearl arrived at its destination in New York and made delivery of the Garments, it was discovered that the Garments had been severely damaged during the course of the voyage. Compl. ¶ 6. Zurich, which was the subrogated underwriter of the shipper, consignee, or owner of the Garments, Compl. ¶ 7, asserted an admiralty claim against Expolanka, alleging that Expolanka violated its duties as carrier of the Garments by permitting the Garments to be damaged during the voyage. Compl. ¶¶ 6-8.

Zurich attempted to serve a summons upon Expolanka by effecting service upon an individual working at the offices of an entity called Expolanka USA, LLC, located in Jamaica, New York. See Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Zur. Opp.") at 7. Zurich later served process upon an employee of an entity called Ocean Compliance - The Descartes Group, which Zurich alleges is authorized to accept service on behalf of Expolanka. Dkt. No. 18.

Expolanka filed the instant motion to dismiss on June 28, 2012. The motion was fully briefed on July 20, 2012, and argument was held on October 3, 2012.

**The Applicable Standards**

"When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." DiStefano v. Carozzi N. Am., Inc., 286 F.3d 81, 84 (2d Cir. 2001) (quotation marks omitted). In addition, where, as here, no discovery has taken place as of yet, the plaintiff need only make a "*prima facie* showing" of personal jurisdiction in order to defeat the motion. Id. Moreover, when assessing whether the plaintiff has met its burden, all pleadings and affidavits are construed in a light most favorable to the plaintiff. See PKD Labs, Inc. v. Friedlander, 103 F.3d 1105, 1108 (2d Cir. 1997).

"When a defendant raises a Rule 12(b)(5) challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy." Posr v. City of New York, No. 11 Civ. 986 (PGG), 2012 WL 4378049, at *3 (S.D.N.Y. Sept. 25, 2012) (quoting Mende v. Milestone Tech., Inc., 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003)) (quotation marks omitted). In addition, "in considering a motion to dismiss pursuant to Rule 12(b)(5) for insufficiency of service of process, a Court must

3

look to matters outside the complaint to determine whether it has jurisdiction." Id. (quoting Koulkina v. City of New York, 559 F. Supp. 2d 300, 311 (S.D.N.Y. 2008)) (quotation marks and alterations omitted).

**There is Personal Jurisdiction Over Expolanka**

"[T]he law of the forum state—here, New York—governs the issue of personal jurisdiction in admiralty cases" such as the instant case. Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro In Amministrazione Straordinaria, 937 F.2d 44, 50 (2d Cir. 1991). In addition, any exercise of personal jurisdiction must comport with the constitutional guarantees of due process. Whitaker v. Am. Telecasting Inc., 261 F.3d 196, 208 (2d Cir. 2001).

Under New York's long-arm statute, "a court may exercise personal jurisdiction over any non-domiciliary . . . who in person or through an agent . . . contracts anywhere to supply goods or services in the state," provided that the cause of action arose from the contract to supply goods or services. N.Y. C.P.L.R. § 302(a)(1) (McKinney 2008). In this case, Expolanka is alleged to have breached its obligation under the

4

Bill of Lading. See Attorney's Affirmation in Support of Motion to Dismiss, Ex. 1. Under the terms of the Bill of Lading, Expolanka is clearly identified as the carrier of the Cargo. Attorney's Affirmation in Opposition to Motion to Dismiss, Ex. F. "A carrier's agreement to deliver goods in New York is obviously a contract to perform services in the state" and "involves a . . . clear[] submission to the laws of the state." Volkart Bros., Inc. v. M/V "PALM TRADER", Nos. 88 CIV. 7527 (RLC), 88 CIV. 9094 (RLC) and 88 CIV. 0380 (RLC), 1989 WL 34094, at *4 (S.D.N.Y. Apr. 6, 1989). Such an agreement therefore "falls within the plain language of § 302(a)(1), and it easily satisfies the constitutional requirement that jurisdiction be grounded on acts that are 'purposefully directed toward the forum State.'" Id. (quoting Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 112 (1987)). Accordingly, Expolanka is subject to personal jurisdiction pursuant to New York's long-arm statute by virtue of its promise, evidenced by the Bill of Lading, to deliver the Cargo to New York.[1]

---

[1] Expolanka contends that it did not engage in purposeful activity within New York because, as carrier, its responsibility for the Cargo was only from the loading of the vessel "up to and during discharge of the vessel," but it did not handle customs clearance or distribution. Reply Memorandum of Law in Further Support of Motion to Dismiss by Defendant Expolanka Freight Limited at 7. However, the fact that Expolanka was responsible for the Cargo up to and including its discharge from the vessel

**Zurich Has Properly Served Expolanka**

After filing the Complaint on May 23, 2012, Zurich attempted to serve Expolanka by effecting service upon an individual working at the offices of Expolanka USA, which is located in Jamaica, New York. See Dkt. No. 2. Expolanka, in its motion to dismiss, contended that this service was ineffective because Expolanka USA is a wholly independent entity from Expolanka, and therefore Expolanka could not be served via service upon Expolanka USA. See Memorandum of Law in Support of Motion to Dismiss by Defendant Expolanka Freight Ltd. ("Expolanka Mem.") at 5.

On August 3, 2012, Zurich served process on Ocean Compliance - The Descartes System Group, which accepted service on behalf of Expolanka, see Dkt. No. 18. This service was within the 120-day limit set by Fed. R. Civ. P. 4. Zurich filed proof of service on August 24, 2012, and at oral argument on October 3, 2012, Zurich took the position that this constituted

---

in New York constitutes sufficient contact with New York to establish a basis for long-arm jurisdiction. See Volkart, 1989 WL 34094, at *4.

6

adequate service upon Expolanka. Expolanka did not dispute this contention. Accordingly, Zurich has met its burden to prove adequate service upon Expolanka.

## Conclusion

For the foregoing reasons, the Defendant's motion to dismiss is denied.

It is so ordered.

**New York, NY**
~~January~~ February 1, 2013

_____
ROBERT W. SWEET
U.S.D.J.